IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VICKI CLAYMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 20-00696-CV-W-SRB |
| | ) |
| HALO BRANDED SOLUTIONS, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY DEMAND

Defendants have filed a Motion to Strike Plaintiffs' Jury Trial Demand. For several reasons, plaintiffs urge the Court to defer and delay ruling on this Motion until after discovery and dispositive motion practice has been completed. The reasons for deferring until later are compelling and practical.

First, defendant's Motion is based solely on a provision in the Asset Purchase Agreement − which plaintiffs claim was induced by fraud. "Fraud vitiates whatever it touches." **_State ex rel Beisly v. Perigo_**, 469 S.W. 3d 434, 442 (Mo. en banc 2015). "Fraud is bad, it should not be permitted to go unchecked anywhere, and justice should always be able to penetrate its armor." Id. **_Beisly_** traces these controlling "common law maxims" to **_Perry v. Strawbridge_**, 209 Mo. 621, 108 S.W. 642 (Mo. 1908), where Missouri's highest court holds (at 643-644):

> "**It has been well said that there are certain general and fundamental maxims of the common law which control laws as well as contracts.** Among these are: No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are adopted by public policy, and have their foundation in universal law administered to all civilized countries." (Bold added)

1

Under Missouri law, plaintiffs' claim that fraud induced the contract on which defendant's jury-waiver argument depends, means that the "waiver" in such contract is unenforceable. Likewise, if plaintiffs are successful in their argument that defendant was first to breach the Asset Purchase Agreement, defendant can't claim its benefits, including a jury waiver.

An equally compelling reason to defer is this case has just gotten started, and there is absolutely no urgency to finally resolve such an important issue. In fact, defendant cites a case holding there is no time limit on a Motion to Strike a Jury Demand. Assuming this is true, then the parties and this Court are a long way from being in a position − procedurally and substantively − to have enough information for a sound, legally supportable ruling. This is one of those situations in which the most sound judicial action is to take no action at this moment. It can and should be deferred − and no one suffers <u>any</u> prejudice by delaying and deferring this question until later.[1]

Plaintiffs final reason to defer the ruling is that defendant's briefing reveals that its burden to sustain a jury waiver depends on fact issues: Is the waiver "knowing and voluntary," was it "conspicuous," was there a disparity in bargaining power, etc.? Factual discovery is essential to thoroughly weighing and resolving these questions.

**<u>Conclusion</u>**

Plaintiffs request that the Court ruling on defer this motion until after discovery is completed.

---

[1] While plaintiffs currently desire the opportunity (down the road) to fully respond to the substantive points in defendant's Motion, plaintiffs also note they will use the time to consider if they might later agree to waive a jury.

Respectfully submitted,

**THE POPHAM LAW FIRM**

By:/s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone:   (816) 221-2288
Telecopier:   (816) 221-3999
degan@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies this 16th day of October, 2020 that a copy of the above and foregoing was sent via email to:

SHOOK, HARDY & BACON L.L.P.

Michael S. Cargnel, MO #52631
Kerensa Cassis, MO #67408
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547
mcargnel@shb.com
kcassis@shb.com

**ATTORNEYS FOR DEFENDANT HALO BRANDED SOLUTIONS, INC.**

/s/ Dennis E. Egan
Attorney for Plaintiffs

3