IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VICKI CLAYMAN, PARTNERS N' PROMOTION, INC., and BRILLIANT, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HALO BRANDED SOLUTIONS, INC., | ) ) |
| Defendant. | ) ) |

Case No. 20-cv-00696-SRB

## ORDER

Before the Court is Defendant HALO Branded Solutions, Inc.'s ("HALO") Partial Motion to Dismiss. (Doc. #5.) For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

Because this matter comes before the Court on a motion to dismiss, the following allegations in the Complaint (Doc. #1-1) are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additional allegations relevant to the parties' arguments are discussed in Section III.

Plaintiff Vicki Clayman ("Clayman") was the sole owner of Plaintiff Partners N' Promotion, Inc. ("PNP") and Plaintiff Brilliant, LLC ("Brilliant") (collectively, the "Plaintiffs"). PNP and Brilliant are generally engaged in the business of promotional products distribution. The majority of Plaintiffs' annual revenue was earned by handling BNSF Railway Company's ("BNSF") promotional products and employee service business awards. Defendant HALO is a corporation that also provides branded and promotional products services.

In October 2018, Clayman and HALO's Vice President Jim Stutz ("Stutz") met at a convention. Clayman explained that her largest account was with BNSF. Stutz responded that he "felt bad" but needed to tell Clayman that HALO was recently named the "preferred promotional provider of all Berkshire Hathaway ('BRK') companies," including BNSF. (Doc. #1-1, ¶¶ 14-15.) Stutz further represented that BRK was soon going to require all BRK-owned businesses to use HALO as their promotional products provider. According to Stutz, BNSF's Director of Sourcing, Bennibi Lao ("Lao"), told a HALO salesperson that "BNSF's promotional contract was up for renewal in 2019." (Doc. #1-1, ¶ 16.) Clayman immediately became concerned that she might lose BNSF's business.

After their initial meeting, Stutz attempted to convince Clayman to join forces with HALO. Stutz "suggested that because HALO was the BRK preferred supplier, and Clayman had been BNSF's vendor for 20 years, they had a good shot to convince BNSF to not solicit bids." (Doc. #1-1, ¶ 19.) Stutz told Clayman that HALO wanted to purchase PNP, and that she needed to quickly decide because HALO "has already scheduled an appointment to meet with BNSF." (Doc. #1-1, ¶ 20.) During subsequent meetings, HALO agents and employees told Clayman that HALO was proficient in every way, including an inventory tracking and billing technology platform that was more sophisticated than PNP's.

As the parties were negotiating the sale of PNP to HALO, BNSF sent its Request for Proposal ("RFP") dated January 22, 2019. The RFP required suppliers to confirm their intention to bid by January 24, 2019, and to submit a final proposal by February 14, 2019. With the RFP imminent, HALO again pressed Clayman to agree to a buy-out of her businesses. HALO allegedly made misrepresentations about how Clayman's "earn-out" payments would be calculated and earned.

Ultimately, HALO and Plaintiffs entered into an Asset Purchase Agreement ("APA") dated January 31, 2019. (Doc. #5-1.)[1] Under the APA, HALO agreed to purchase Clayman's business for up to $1,000,050. HALO paid Clayman $350,000 at closing, most of which was used to pay off PNP's indebtedness. The APA provided that Clayman could earn up to an additional $700,000 in "earn-out" payments for the purchase price.

Clayman contacted Lao a few days after closing on the APA. Clayman told Lao she had been told that HALO was the vendor of choice for BRK. Lao responded that he "had not heard about that at all." (Doc. #1-1, ¶ 32.) Lao stated that he previously informed a HALO salesperson that "BNSF was happy with our current vendor." (Doc. #1-1, ¶ 32.) Lao also informed the HALO salesperson that BNSF might put the contract "out for bid in 2019 . . . but . . . emphasized that we had a current vendor that we are extremely happy with." (Doc. #1-1, ¶ 32.) Clayman was "astonish[ed]" that Lao contradicted what HALO told her, but nonetheless worked hard to prepare a winning RFP for BNSF.

In April 2019, PNP and HALO made a presentation to BNSF as part of the RFP process. Clayman alleges that PNP/HALO did not receive the contract because of various mistakes made by HALO before and during the presentation. Clayman also alleges that during the April 2019 meeting, a BNSF manager stated that BRK never ordered or even suggested that BNSF use HALO.

After signing the APA, Clayman also learned that HALO had misrepresented various aspects of its business, including its technology capabilities. She alleges that HALO

---

[1] The Complaint references, but does not attach, the APA. HALO attached the APA in support of the pending motion, and the Court has considered that document. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading."). However, as explained below, the APA does not require dismissal of Counts II or III.

3

"fraudulently sold Clayman a bill of goods on how great HALO supposedly is." (Doc. #1-1, ¶ 57.) Clayman also alleges that HALO miscalculated her "earn-out" payments and has refused to provide her documents that are required under the APA to verify those calculations.

On July 24, 2020, Plaintiffs filed this suit against HALO in the Circuit Court of Jackson County, Missouri. HALO removed the case to this Court on the basis of diversity jurisdiction. The Complaint asserts three causes of action: Count I—Fraudulent Misrepresentation; Count II—Unjust Enrichment/Monies Had and Received; and Count III—Action for an Accounting.

HALO now moves to dismiss Counts II and III under Federal Rule of Civil Procedure 12(b)(6). HALO argues that the unjust enrichment claim must be dismissed because the APA governs the parties' transaction. HALO argues that the accounting claim must be dismissed because the parties did not have a fiduciary relationship, and because the APA provides an adequate legal remedy. Plaintiffs oppose the motion, and the parties' arguments are addressed below.

### II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). In deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual

4

proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotations omitted).

### III. DISCUSSION

#### A. Count II Adequately States a Claim for Unjust Enrichment/Monies Had and Received.

Count II of the Complaint asserts a claim for unjust enrichment/monies had and received. Plaintiffs allege in part that "[a]s a result of defendant's unjust and improper taking and retention of the plaintiff's money for inventory, and for the value received by defendant HALO in the purchase of sold assets for which plaintiff has not been adequately compensated, defendant HALO has been unjustly enriched by retaining and using such monies and properties[.]" (Doc. #1-1, ¶ 80.)

Under Missouri law, a claim "for unjust enrichment is very similar to one for money had and received[.]" *Lowe v. Hill*, 430 S.W.3d 346, 349 n.2 (Mo. App. W.D. 2014).[2] The elements are: (1) the defendant received a benefit from plaintiff or possession of plaintiff's money; (2) the defendant thereby appreciated that benefit; and (3) acceptance and retention by the defendant would be unjust or inequitable. *Id.* at n.1-2 (citing cases). Both causes of action are "founded upon equitable principles whereby the law implies a contract to prevent unjust enrichment." *Id.* at 349. "[A] plaintiff cannot recover under an equitable theory when she has entered into an express contract for the very subject matter for which she seeks to recover." *Id.*

HALO argues this claim should be dismissed because the APA governs the parties' rights and remedies. HALO contends that Plaintiffs could have brought a breach of contract claim but cannot recover on a claim for unjust enrichment. In response, Plaintiffs contend that they are the master of their Complaint and are not required to bring a breach of contract claim. Plaintiffs also

---

[2] The parties appear to agree that the pending motion is governed by Missouri law.

cite case law for the proposition that an unjust enrichment claim is separate and distinct from a breach of contract claim. (Doc. #21, p. 7.) Plaintiffs further contend that the APA does not control because HALO fraudulently induced them into signing it, and because HALO has not moved to dismiss the fraud claim.

Upon review of the record and the parties' arguments, the Court finds that Plaintiffs have adequately stated a claim for unjust enrichment/monies had and received. "Unjust enrichment is a separate and distinct cause of action from breach of contract." *Rental Co., LLC v. Carter Grp., Inc.*, 399 S.W.3d 63, 67 (Mo. App. W.D. 2013). Although a plaintiff may not recover on both a breach of contract claim and on an unjust enrichment claim, such claims may be pled in the alternative. *See Howard v. Turnbull*, 258 S.W.3d 73, 76 (Mo. App. W.D. 2008) ("[T]he fact that Mr. Howard also alleged the Turnbulls breached an agreement entitling him to repayment of the full amount does not preclude Mr. Howard from claiming in the alternative the Turnbulls were unjustly enriched.").

Applying this case law, Plaintiffs could have pled an unjust enrichment claim as an alternative to a breach of contract claim. *Id.*; *see also Eskridge Enters., LLC v. Iqbal*, Civil No. 6:15–cv–03011–SRB, 2015 WL 5308859, at *3 (W.D. Mo. Sept. 10, 2015) (denying motion to dismiss unjust enrichment claim because it was properly pled in the alternative to a breach of contract claim). However, as masters of their Complaint, Plaintiffs were also entitled to proceed only on an unjust enrichment claim. *See id.* HALO's reliance on the express terms of the APA is also misplaced insofar as Plaintiffs have alleged they were fraudulently induced into signing it.

For these reasons, the Court denies HALO's motion to dismiss Count II for unjust enrichment/monies had and received.

### B. Count III Adequately States a Claim for Accounting.

In Count III, Plaintiffs assert a claim for accounting. "An action for an accounting requires the requesting party to show a right to an accounting: the party must show a need for discovery, complicated accounts, a fiduciary or trust relationship between the parties, and lack of an adequate legal remedy." *Gerken v. Sherman*, 351 S.W.3d 1, 6 (Mo. App. W.D. 2011) (citations and quotations omitted). In general, "[a] fiduciary relationship exists where there is a special confidence reposed on one side and resulting domination and influence on the other." *Bossaler v. Red Arrow Corp.*, 897 S.W.2d 629, 631 (Mo. App. E.D. 1995).

Here, the Complaint alleges in part that because Plaintiffs "gave up possession and control of property, accounts and inventory to HALO, HALO owes duties as a fiduciary to plaintiffs." (Doc. #1-1, ¶ 84.) Plaintiffs further allege that the funds at issue must "be traced through multiple accounts, books, records and work papers," and that "Plaintiff[s] have no legal remedy to fully discover assets absent an accounting to determine the amount of funds wrongfully deprived of plaintiffs." (Doc. #1-1, ¶¶ 87-88.)

HALO contends that Plaintiffs have failed to adequately plead a fiduciary relationship. HALO argues that a fiduciary relationship does not arise from a business relationship. HALO also argues that this claim fails because the APA provides Plaintiffs an adequate legal remedy. Specifically, HALO contends that Plaintiffs cannot "seek judicial accounting when they failed to follow the APA's dispute resolution protocols, which would have provided the accounting." (Doc. #6, p. 7.)

At the motion to dismiss stage, the Court rejects HALO's arguments. With respect to the existence of a fiduciary relationship, Plaintiffs allege that they:

> reposed trust and confidence in HALO for myriad reasons: First, because
> HALO had superior knowledge of the facts underlying representations that

7

> were made to Clayman. Second, Clayman/PNP was required to transfer to HALO possession and control over all of its inventory, as well as its computerized records. Third, notwithstanding that Clayman/PNP gave HALO all manner of financial information, HALO never gave such reciprocal financial information to plaintiffs.

(Doc. #1-1, ¶ 64.) Plaintiffs further allege that Clayman "began divulging to HALO all of her financial information" before signing the APA, based on Stutz's material misrepresentations, and because of time-constraints from BNSF's upcoming RPF. (Doc. #1-1, ¶ 22.) These and other allegations plausibly allege a fiduciary relationship based on "special confidence reposed on one side and resulting domination and influence on the other." *Bossaler*, 897 S.W.2d at 631. Defendants' arguments to the contrary are rejected.

The Court also rejects Defendants' arguments that the APA provides an adequate remedy at law. The Complaint alleges that Defendants fraudulently induced Plaintiffs into signing the APA. Plaintiffs further allege that "HALO already has been caught making multiple accounting errors. Plaintiffs thus have no confidence in the accuracy of HALO numbers, and plaintiffs must receive the undisclosed accounting information." (Doc. #1-1, ¶ 67.) Based on these allegations, the Court finds that Plaintiffs have plausibly alleged an inadequate remedy at law and may pursue an equitable claim for accounting outside the terms of the APA.

## IV. CONCLUSION

Accordingly, Defendant's Partial Motion to Dismiss (Doc. #5) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2020